UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NINA CHAVEZ,

Plaintiff,

-against-

FUSION PHYSICAL THERAPY AND SPORTS WELLNESS, P.C. and CAROLYN SUE MAZUR,

Defendants.

**COMPLAINT**

Plaintiff NINA CHAVEZ, by and through her attorneys, alleges upon personal knowledge as to herself and her own acts, and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action against Defendants FUSION PHYSICAL THERAPY AND SPORTS WELLNESS, P.C. and CAROLYN SUE MAZUR to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff seeks declaratory and injunctive relief, unpaid overtime wages, liquidated damages, attorneys' fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2. Plaintiff also brings this action to remedy violations of the New York State Labor Law ("NYLL"), including NYLL §§ 190 et seq., §§ 650 et seq., and 12 NYCRR § 142-2.2. Pursuant to the NYLL Plaintiff seeks declaratory and injunctive relief, unpaid wages, unpaid

overtime, interest, reasonable attorneys' fees, liquidated damages and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

**JURISDICTION AND VENUE**

3. Jurisdiction of the Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper within this District, pursuant to 28 U.S.C. § 1391, because Defendants do business in, and accordingly reside in, this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

**PARTIES**

5. Plaintiff NINA CHAVEZ resides in Richmond County in the State of New York. At all relevant times, Plaintiff was employed by Defendants as described herein, from on or about June 1, 2016 until on or about September 13, 2017.

6. Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. §216(b). Plaintiff's written consent is attached hereto as Exhibit A and incorporated by reference herein.

7. Defendant FUSION PHYSICAL THERAPY AND SPORTS WELLNESS, P.C. is a New York Professional Corporation. Defendant's registered address is at 407 West 13th Street, Suite 3B, New York, New York, 10014.

8. Defendant CAROLYN SUE MAZUR is the founder, owner and CEO of Defendant Fusion Physical Therapy And Sports Wellness, P.C.

9. Defendants FUSION PHYSICAL THERAPY AND SPORTS WELLNESS, P.C. and CAROLYN SUE MAZUR are collectively referred to herein as "Defendants".

10. Defendants grossed more than $500,000 in each of the last three calendar years.

11. At all times relevant hereto, Plaintiff was employed by Defendants' enterprise engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of § 3(b), (g), (i), (j) (r) and (s)(A)(i) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s)(A)(i).

6. At all times relevant hereto, Defendants have been, and continue to be, an "enterprise engaged in commerce or in the production of goods for commerce," within the meaning of 29 U.S.C. § 203 and 29 U.S.C. § 207(a)(1).

7. At all times relevant hereto, Defendants have been, and continues to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NYLL §190(3).

**FACTUAL ALLEGATIONS**

12. Defendants operate out of two Manhattan locations - at 60 Reade St and at 60 Chelsea Piers – offering physical therapy, rehabilitation, and personal training in both individual and group settings.

13. Defendants employed Plaintiff as "Front Desk Receptionist" beginning on or about June 1, 2016.

14. As a "Front Desk Receptionist", Defendants paid Plaintiff at rate of $18 per hour.

15. Defendants promoted Plaintiff on December 5, 2016 to "Insurance Coordinator".

16. As an "Insurance Coordinator", Defendants paid Plaintiff at rate of $18 per hour.

17. At all times relevant hereto, Defendants paid Plaintiff on a bi-weekly basis via direct deposit.

18. Plaintiff was not an exempt employee under the FLSA and the NYLL and, at all times relevant hereto, was entitled to be paid overtime for all hours worked in excess of 40 per week.

19. Throughout her employment with Defendants, Plaintiff regularly worked well over forty (40) hours per week without being paid (a) for all hours worked, and (b) overtime premiums for all hours she worked in excess of 40 per week.

20. Defendants regularly scheduled Plaintiff to work five (5) days – Monday through Friday – each week.

21. Plaintiff regularly worked at least eight and one half (8 1/2) hours per day, and often longer.

22. Plaintiff regularly arrived at work, and started working, at 6:30 A.M. and continued working until 3:00 P.M.

23. Often during busy times Plaintiff worked until 4:30 or 5:00 PM, or later. Plaintiff often worked up to ten (10) or ten and one half (10 1/2) hours on those days.

24. Plaintiff regularly worked through her lunch/meal breaks and was not allowed to, and did not, take uninterrupted meal breaks of at least 30 minutes each day.

25. Defendants willfully failed to pay Plaintiff (i) for all hours she worked, and (ii) at the rate of one and one half times her regular hourly rate of pay for all hours she worked in excess of forty (40) in a workweek.

26. Defendants are aware or should have been aware that federal and state laws required them to pay Plaintiff (i) for all hours she worked, and (ii) overtime premiums for all hours worked in excess of forty (40) in a workweek.

27. Defendants failed to keep accurate and sufficient time records for Plaintiff as required by Federal and State laws.

28. Defendants violated NYLL § 195(4) by failing to establish, maintain and preserve, for not less than six (6) years, sufficiently detailed payroll records showing among other things, the hours worked, gross wages, deductions and net wages for Plaintiff.

29. At all relevant times, Defendants failed to post and/or keep posted a notice explaining the overtime pay rights provided by the FLSA, in violation of 29 C.F.R.§ 516.4.

30. At all relevant times, Defendants failed to post and/or keep posted “a notice issued by the Department of Labor summarizing minimum wage provisions”, in violation of 12 N.Y.C.R.R. §142-2.8.

31. Defendants’ record keeping and notice violations prevented Plaintiff from knowing her legal rights and from figuring out exactly how many hours she was not compensated for.

32. Upon information and belief, Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiff was not paid (i) for all hours she worked, and (ii) overtime premiums for all hours worked in excess of forty (40) hours in a week.

33. Upon information and belief, Defendants knew that the nonpayment of her wages owed and overtime premiums would economically injure Plaintiff and that nonpayment violated the FLSA and the NYLL.

34. Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiff.

**FIRST CAUSE OF ACTION**
**(Failure to Pay Overtime Wages – FLSA)**

35. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

36. During the FLSA Collective Period, Plaintiff was an "employee" of Defendants within the meaning of the FLSA, 29 U.S.C. §203(e) and (g).

37. During the FLSA Collective Period, Plaintiff was employed by Defendants' enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(b), 206, and 207.

38. During the FLSA Collective Period, Defendants have been, and continue to be, "employers" and/or joint employers engaged in interstate "commerce" and/or the production or sale of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203.

39. During the FLSA Collective Period, Defendants' businesses have had annual gross revenues well in excess of $500,000.

40. Defendants were required to properly pay Plaintiff overtime wages at the rate of one and one-half times her regular hourly rate for all hours worked in excess of forty (40) hours in a workweek.

41. Defendants violated the FLSA by developing a standard business practice of failing to pay overtime premiums to Plaintiff and thereby violating the overtime requirements of the FLSA.

42. Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by failing to pay Plaintiff for all hours worked and

failing to pay Plaintiff overtime at not less than one and one-half times her regular rate of pay for all hours worked in excess of forty (40) in a workweek. Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and (e) and § 215(a).

43. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by being denied pay for all of her hours worked and by being denied overtime wages in amounts to be determined at trial and is entitled to recovery of such amounts, an equal additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs, and punitive damages pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**(Failure to Pay Wages and Overtime Wages – NYLL)**

44. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

45. During her employment with Defendants, Plaintiff was an "employee" within the meaning of N.Y. Lab. Law § 190(2), and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14.

46. During Plaintiff's employment with Defendants, Defendants were employers within the meaning of N.Y. Lab. Law § 650(6).

47. Defendants failed to pay Plaintiff wages for all hours worked and overtime wages of not less than one and one-half times her regularly hour rate for each hour worked in excess of forty hours in a workweek in violation of the N.Y. Lab. Law, Article 19, §650, *et seq.*, and N.Y. Comp. Codes R. & Regs. tit. 12, §142-2.2.

48. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants wages for all hours worked and overtime wages of not less than one and one-half times her regular hourly rate for each hour worked in excess of forty (40) hours in a workweek,

liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**(NYLL §§ 195(1) & (3) -Failure to Provide Wage Statements and Wage Notices)**

49. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

50. Defendants have willfully failed to supply Plaintiff with the notice(s) required by NYLL § 195(1) containing Plaintiff's rate or rates of pay and bases thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

51. Defendants have also willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

52. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants $250 for each work day that the violations § 195(3) occurred or a maximum of

$5,000, as provided for by NYLL § 198(1)-d, and $50 dollars for each work day that the violations of § 195(1) occurred or a maximum of $5,000, as provided for by NYLL § 198(1)-b, as well as reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for relief as follows:

(a) An award of damages, according to proof, to Plaintiff including FLSA liquidated damages, and interest, to be paid by Defendants;

(b) An award of damages to Plaintiff for violations of the NYLL, including statutory damages and NYLL liquidated damages;

(c) Costs of action incurred herein, including expert fees;

(d) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(e) Pre-Judgment and post-judgment interest, as provided by law; and

(f) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: November 13, 2017

Respectfully submitted,

HARRISON, HARRISON & ASSOCIATES

/s/ David Harrison
David Harrison, Esq.
110 State Highway 35, Suite #10
Red Bank, NJ 07701
(718) 799-9111 Phone
(718) 799-9171 Fax
nycotlaw@gmail.com
*Attorneys for Plaintiff*

# Exhibit A

I am a current or former employee of Fusion Physical Therapy and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this ____ day of 10/24/2017 ___________ , 2017.

DocuSigned by:
[signature]
B389AF79C66547D...

Signature

Nina Chavez

Full Legal Name (print)