UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Nina Chavez,

          Plaintiff,

—v—

Fusion Physical Therapy and Sports Wellness, P.C., et al.,

          Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 10 2018

17-CV-8882 (AJN)

MEMORANDUM OPINION & ORDER

ALISON J. NATHAN, District Judge:

On November 14, 2017, Plaintiff Nina Chavez filed a complaint in the Southern District of New York alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), Art. 19 §§ 190 and 650 *et seq. See* Dkt. No. 1.

On March 23, 2018, the parties informed the Court that they had reached a settlement. *See* Dkt. No. 18. On April 20, 2018, the parties submitted a fully executed settlement for the Court's approval, *see* Dkt. No. 20, Ex. 1, along with a joint letter explaining their views on the fairness of the settlement, *see* Dkt. No. 20. The settlement agreement provides for a total settlement amount of $16,000, including attorneys' fees and costs. For the following reasons, the Court finds the settlement to be fair and reasonable.

I. **Legal Standard**

In order to serve the FLSA's purpose of ensuring "a fair day's pay for a fair day's work," settlements in FLSA cases must be approved by a court or by the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (quoting *A.H. Phillips, Inc. v.*

1

*Walling*, 324 U.S. 490, 493 (1945)). As a result of this requirement, the Plaintiff's claims in this case cannot be dismissed with prejudice until the Court determines that the settlement is "fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). A "fair and reasonable" settlement is one that "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, No. 13-CV-7002, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014).

## II. Discussion

### A. Settlement Amount

In the joint letter, the parties persuasively argue that the settlement amount is fair and reasonable, as both a substantive and procedural matter. Procedurally, the parties engaged in arm's length negotiations and were represented by experienced attorneys. *See* Dkt. No. 20 at 1. Substantively, the total settlement amount of $16,000, $10,315.16 of which will be paid to Plaintiff, represents a significant recovery in light of the range of Plaintiff's possible recovery. *See* Dkt. No. 20 at 2-3; Dkt. No. 20, Ex. 1. The settlement amount is also reasonable given the risks associated with continuing the litigation. For example, Defendants contend that Plaintiff took 30-minute lunch breaks and therefore is not entitled to any "unpaid lunch break" back-pay. *See* Dkt. No. 20 at 2.

### B. Attorneys' Fees and Costs

Similarly, the requested attorneys' fees and costs are reasonable. The Court agrees with other judges in this district that, when assessing the reasonableness of an attorney's fee on the basis of its percentage of the settlement, it is fairer to look to the percentage of the settlement net costs. *Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13 Civ. 6667, 2015 WL 5122530, at *1 &

n.1 (S.D.N.Y. Aug. 31, 2015). Here, Plaintiffs' counsel is seeking attorneys' fees of one-third, or $5,157.58, of the net $16,000 settlement amount after reimbursement of $527.26 in costs. Courts routinely award 33.33% of a settlement fund as a reasonable fee in FLSA cases. *See id.* at *4 (collecting cases). Using the lodestar as a "cross check" further demonstrates the reasonableness of this amount. The lodestar in this case is over $9,000, reflecting a billing rate of $450/hr for attorney David Harrison and $350/hr for attorney Julie Salwen. *See* Dkt. No. 20 at 3; Dkt. No. 20, Ex. 2. The requested attorneys' fees are significantly less than the lodestar. The Court concludes that the attorneys' fee award is reasonable and the requested reimbursement for costs ($527.26) is also reasonable.

### III. Conclusion

In sum, the Court approves the settlement and the request for fees and costs in full. The Clerk of the Court is ordered to close the case.

SO ORDERED.

Dated: May ⬛ 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge